■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FINLEY, Appellant.—Appeal from a judgment of the County Court of Tioga County, rendered June 23, 1975, upon a verdict convicting defendant, after a trial without a jury, of the crimes of murder in violation of section 125.05 of the Penal Law and unlawful possession of a dangerous weapon in violation of section 265.05 of the Penal Law. Defendant contends that the People failed to prove beyond a reasonable doubt that he was sane at the time of the crime. Following a nonjury trial, the trial court stated in its opinion that he found the People's psychiatrists, Dr. Durgin and Dr. Danehy, more persuasive than the defense witnesses. The People's psychiatrists testified that they reviewed the report of the psychiatric examinations of the defense doctors, the records of Matteawan State Hospital and Tioga General Hospital, statements of eyewitnesses to the shooting, examined results of psychological tests taken by Dr. Elkin, conducted personal interviews with witnesses, examined letters and the confession of the defendant, and interviewed and examined the defendant. Dr. Durgin's diagnosis was that on October 13, 1969, the date of the shooting, the defendant was emotionally upset and angry, but not in any way mentally or emotionally disabled. It was his opinion that defendant's lengthy stay at Matteawan State Hospital was unwarranted and that the hospital diagnosis of psychosis was unsupported by the record. He concluded that the defendant suffered from mild mental retardation and mild organic brain syndrome, secondary to arteriosclerotic brain disease, but was not suffering from mental disease or defect that caused him not to know the nature or consequences of his behavior or that it was wrong. These findings and opinions were supported by the testimony of Dr. Danehy and were consistent with the analysis of Dr. Elkin,

the defense psychologist, who found that the defendant functioned mentally on a pragmatic level and was capable of knowing the difference between right and wrong. In rejecting the testimony of the defense psychiatrists, Dr. Boldt and Dr. Friedman, the trial court noted that although Dr. Boldt examined the defendant several months after the shooting, he did not interview members of his family or witnesses, nor did he review defendant's letters or other writings. Dr. Friedman testified that he also did not obtain information as to Finley's behavior patterns just prior to and after the killing, although he acknowledged that such material would have been helpful. The question of whether the defendant, at the time he killed the police officer, lacked substantial capacity to know or appreciate either the nature and consequences of his conduct or that it was wrong, was a question for the trier of the facts, the trial court in this case (CPL 320.20; *People v Wood*, 12 NY2d 69). We find ample support in the record that the defendant was sane beyond a reasonable doubt. The second point raised by the defendant is that he was denied his right to a speedy trial under the Federal and State Constitutions. the crime occurred October 13, 1969. After indictment and mental examinations, defendant was adjudged incompetent to stand trial and was transferred to Matteawan State Hospital where he remained until February 15, 1973. On March 2, 1973, following his return to Tioga County, defendant was re-examined and certified capable of standing trial. He concedes that he was responsible for the delay from indictment to May 11, 1973. The People's contention that between May 11, 1973 and January 16, 1974, they were at all times ready to try the case and so answered at every calendar call, was accepted as true by the trial court. We accept this finding based on the record and the fact that defendant did not file a notice of his intent to rely upon the insanity defense until March 27, 1974. The delay from January 17, 1974 to March 5, 1974 is clearly chargeable to the defendant as a consequence of the substitution of defense counsel. We likewise find that the following months through June, 1974 were devoted to plea negotiations and cannot be charged to the People. The trial was then scheduled to commence November 6, 1974. However, on October 30, 1974, the defendant's attorney served a notice of motion returnable on the date scheduled for trial seeking an order pursuant to CPL 710.20 suppressing a written statement made by defendant. On Feburary 19, 1975 the court rescheduled the trial to commence April 8, 1975. The next day Finley was again ordered examined to determine his competency to stand trial and on March 12, 1975, he was found not to be incapacitated. Prior thereto, on March 7, 1975, defendant moved to dismiss the indictment on the ground of denial of a speedy trial. The trial commenced April 8, 1975. We are not concerned here with the strict time limitations of CPL 30.30 because of the date of the crime (see *People v Imbesi*, 38 NY2d 629). This case is instead governed by the principles enunciated by the Court of Appeals in *People v Taranovich* (37 NY2d 442). We have examined the chronology of events in the light of the seriousness of the crime charged, and are satisfied that the trial court did not err in holding that there was no denial of a speedy trial. Finally, we find no merit to defendant's contention that the indeterminate sentence of 15 years to life, the minimum authorized by section 70.00 of the Penal Law, was excessive. Judgment affirmed. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.